**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GARTH K. TRINKL,
          Appellant,

      v.

DEPARTMENT OF COMMERCE,
          Agency.

DOCKET NUMBER
DC-0752-16-0387-I-1

DATE: October 19, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Garth K. Trinkl</u>, Washington, D.C., pro se.

<u>Kardesha N. Bradley</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to more fully address the appellant's claim that his retirement was involuntary due to intolerable working conditions and to consider his discrimination claims to the extent they relate to the issue of voluntariness, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was formerly employed by the agency as an Economist until he retired, effective January 10, 2015. Initial Appeal File (IAF), Tab 1 at 1, 4, Tab 7 at 13, 17. On February 25, 2016, he filed a Board appeal alleging that he had involuntarily retired because he had been discriminated against and subjected to a hostile and dangerous work environment.[2] IAF, Tab 1 at 2, 4. He alleged that his supervisors had threatened him and subjected him to a "near physical attack" and that the agency had denied his request to be reassigned to a new and safe work environment. *Id.* at 2. He also attached a copy of a final agency decision concerning his equal employment opportunity (EEO) discrimination

---

[2] The appellant also alleged that the agency engaged in harmful procedural error and committed prohibited personnel practices of unlawful discrimination and retaliation for whistleblowing activity. IAF, Tab 1 at 2. Because nothing in the record suggests that the appellant raised a whistleblower reprisal claim before the Office of Special Counsel (OSC), the administrative judge informed him that if he was attempting to file an individual right of action appeal pursuant to 5 U.S.C. § 1221, he could file a separate appeal after exhausting his administrative remedy with OSC. IAF, Tab 9 at 3 n.1.

complaint in which he alleged that the agency had discriminated against him based on his age and in retaliation for his prior protected activity by subjecting him to the near physical attack, failing to contact him to discuss an October 31, 2014 form he submitted regarding his involuntary separation, issuing him a performance improvement plan (PIP) on November 21, 2014, and following the PIP, attempting to force him to meet with his supervisors in person. *Id.* at 7-82.

¶3    The agency filed a motion to dismiss, arguing that the appellant failed to nonfrivolously allege that his retirement was due to misrepresentation or coercion. IAF, Tab 7 at 7-12. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 9, Initial Decision (ID). The administrative judge found that the appellant failed to nonfrivolously allege that he was coerced into retirement or that he was forced to retire due to agency deception or misrepresentation. ID at 7-9. The administrative judge further found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's discrimination claims. ID at 9-10.

¶4    The appellant has filed a petition for review in which he contends that his retirement was involuntary due to intolerable working conditions. Petition for Review (PFR) File, Tab 1 at 5. The agency has opposed the appellant's petition.[3] PFR File, Tab 3. The appellant has filed a reply. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Generally, the Board lacks jurisdiction to review an employee's decision to retire, which is presumed to be a voluntary act. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 9, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). However, an appellant may overcome the presumption of voluntariness by showing that his

---

[3] The agency's response was due on or before July 3, 2016. PFR File, Tab 2. However, because July 3, 2016, was a Sunday, and July 4, 2016, was a Federal holiday, the deadline is extended until the following workday. *See* 5 C.F.R. § 1201.23. Accordingly, the agency's July 5, 2016 response was timely filed.

retirement was the product of misinformation or deception by the agency, or of coercive acts by the agency, such as intolerable working conditions or the unjustified threat of an adverse action. *See SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 14 (2011).

¶6        In cases such as this one, when the employee alleges that the agency took actions that made working conditions so intolerable that the employee was driven to an involuntary retirement, the Board will find an action involuntary only if the employee demonstrates that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to retire. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary retirement only insofar as those allegations relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense. *See, e.g.*, *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). If an appellant makes nonfrivolous allegations of jurisdiction, i.e., allegations that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Vitale*, 107 M.S.P.R. 501, ¶¶ 17-18.

¶7        For the reasons discussed below, we agree with the administrative judge that, even considering the appellant's assertions as true, he failed to nonfrivolously allege that his retirement was involuntary. To the extent the administrative judge failed to consider the appellant's claims of discrimination in connection with the issue of voluntariness, any such error did not affect the appellant's substantive rights because, considering such allegations now, we find that the appellant has not nonfrivolously alleged that his working conditions were rendered so intolerable that a reasonable person in his position would have felt compelled to retire. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281,

282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶8 The appellant contends that he retired because he no longer felt safe as a result of supervisory threats and violence. IAF, Tab 1 at 2, Tab 8 at 29, 31; PFR File, Tab 1 at 5. He contends that he suffers from Post-Traumatic Stress Disorder (PTSD), which was "compounded by agency violence in 2007 and 2013." PFR File, Tab 1 at 5. According to the appellant, in 2007, he witnessed his second-level supervisor push another employee against a wall in a hallway. *Id.* at 9.

¶9 Concerning the 2013 incident, he alleges that his first- and second-level supervisors subjected him to a "near physical attack" during a meeting. IAF, Tab 1 at 2; PFR File, Tab 1 at 5-6. The appellant describes this incident as follows: he stood up to protest false allegations concerning his performance deficiencies and was yelled at to sit down. IAF, Tab 1 at 13. He then announced that he was leaving, assembled his papers, and moved toward the door, but his second-level supervisor yelled to his first-level supervisor to stop him. *Id.* His first-level supervisor quickly rose and came within inches and microseconds of grabbing and restraining the appellant from opening the door and his second-level supervisor came around the table and was on the verge of positioning himself to assist his first-level supervisor. *Id.* The appellant responded by yelling at them not to touch him and to get away, stating again that he was leaving the room, and leaving. *Id.*

¶10 Based on the record, it is not clear exactly when this second incident occurred because, at various points, the appellant references it as having transpired on dates ranging from autumn or late autumn of 2013, November 2013, the end of 2013, April 9 or 10, 2014, and winter 2014. IAF, Tab 1 at 4, 12, 81, Tab 5 at 1-3, 8; PFR File, Tab 1 at 4, 8, 10. The administrative judge found that it occurred in the fall of 2013, based on an April 14, 2014 email from the appellant referencing this incident as having occurred the previous fall. ID

at 2, 8. The appellant does not dispute this finding on review, but rather asserts that it occurred in autumn 2013 and/or November 2013. PFR File, Tab 1 at 4, 7-9, 10.

¶11 As the administrative judge correctly found, given the lapse in time between these incidents in 2007 and 2013 and the appellant's January 10, 2015 retirement, they are not particularly probative evidence of involuntariness of the appellant's retirement. *See Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 13 (2010) (finding that a 5-month lapse between the alleged coercion and an employee's subsequent resignation undercut the appellant's assertion that intolerable working conditions caused him to resign). Additionally, the lack of clarity in the record regarding when the "near physical attack" occurred further reduces its probative value. However, regardless of the timeframe, we find that the appellant's allegation that his work environment was dangerous or unsafe because he perceived his supervisors' behavior to be threatening based on these incidents fails to raise a nonfrivolous allegation that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire. *See, e.g.*, *Terban v. Department of Energy*, 216 F.3d 1021, 1025 (Fed. Cir. 2000) (finding that an alleged verbal confrontation between an employee and his supervisor did not overcome the presumption that the employee's retirement was voluntary).

¶12 The appellant also asserts that the agency denied his request for a "new and safe work environment" and/or reassignment away from his supervisors who had come close to physically assaulting him. IAF, Tab 1 at 2, Tab 5 at 11-12. He also contends that, following the "near physical attack," his PTSD would not mentally allow him to meet with his supervisors alone, but that they attempted to require him to do so anyway. IAF, Tab 5 at 2.

¶13 While a retirement may be an involuntary action within the Board's jurisdiction if an agency improperly denied an employee's request for a reasonable accommodation of a medical condition, *see, e.g.*, *Hosozawa v.*

*Department of Veterans Affairs*, [113 M.S.P.R. 110](#), ¶ 7 (2010), as the administrative judge properly found, nothing in the record suggests that the appellant ever requested a reasonable accommodation based on his PTSD, ID at 7-8. Rather, the record reflects that the appellant requested reassignment due to the investigation of his discrimination and harassment complaints and due to his reported fear for his physical security, without any mention of his PTSD. IAF, Tab 5 at 54. Nor did the appellant allege disability discrimination in his July 1, 2015 EEO complaint based on the agency's denial of his request for a reassignment. IAF, Tab 1 at 7-8. Thus, we find that the appellant's arguments regarding reassignment are not nonfrivolous allegations of intolerable working conditions.

¶14      Even if the appellant genuinely felt that he had no alternative but to retire, in part due to his PTSD, he has failed to make a sufficient allegation of a coercive or improper act on the agency's part that could have left a reasonable person in his position with no other choice but to retire. *See Brown*, [115 M.S.P.R. 609](#), ¶ 17 (finding that, even if the appellant's medical condition left her no alternative but to retire, she failed to tie her circumstances to an improper agency act that could have left a reasonable person in her position with no choice but to resign), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011); *Vitale*, [107 M.S.P.R. 501](#), ¶ 26 (finding that, although an agency official may have caused the appellant apprehension and exacerbation of his medical ailments, he failed to establish that his working conditions were so intolerable that a reasonable person in his position would have felt compelled to retire).

¶15      Finally, we find that the appellant failed to nonfrivolously allege that his working conditions were rendered intolerable as a result of his allegations that he was placed on a PIP and the agency's failure to contact him after he informed it of his involuntary retirement. *See, e.g.*, *Miller v. Department of Defense*, [85 M.S.P.R. 310](#), ¶ 32 (2000) (explaining that an employee is not guaranteed a working environment free of stress and that dissatisfaction with work

assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign).

¶16     Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.[4]

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the

---

[4] To the extent that the appellant is attempting to raise affirmative defenses of harmful error or whistleblower reprisal, IAF, Tab 1 at 2, absent an otherwise appealable action, the Board lacks jurisdiction to adjudicate such claims, *see, e.g.*, *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error, prohibited personnel practices, and the agency's alleged failure to comply with regulations).

United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.